**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4107**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MELANIA CORCINO,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh. Terrence W. Boyle,
District Judge. (5:05-cr-00260-BO-2)

———————

Submitted:  March 17, 2011      Decided:  April 13, 2011

———————

Before SHEDD, AGEE, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Raymond J. Rigat, Washington, DC, for Appellant.  George E. B.
Holding, United States Attorney, Matthew L. Fesak, Anne M.
Hayes, Assistant United States Attorneys, Raleigh, North
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Melania Corcino pled guilty to conspiracy to commit sex trafficking of minors, sex trafficking through coercion, and interstate transportation of persons with intent to engage in prostitution, in violation of 18 U.S.C. § 371 (2006). On appeal, she challenges her conviction, claiming that the district court erred by failing to inquire sua sponte into whether she was competent to enter the plea when post-plea medical evidence showed that she suffered from untreated psychological problems at the time of the plea. We affirm.

We review for abuse of discretion a defendant's claim that the district court should have ordered a competency hearing. United States v. Banks, 482 F.3d 733, 742-43 (4th Cir. 2007). Under this standard, we "must determine whether the court's exercise of discretion, considering the law and the facts, was arbitrary or capricious." United States v. Mason, 52 F.3d 1286, 1289 (4th Cir. 1995).

The district court should hold a competency hearing when it has reasonable cause to believe that a defendant may suffer from a mental disease or defect that interferes with his ability to understand the nature and consequences of the proceedings against him or to assist properly in his own defense. 18 U.S.C. § 4241(a) (2006); United States v. Moussaoui, 591 F.3d 263, 291 (4th Cir. 2010). To determine

2

whether reasonable cause exists, the district court should consider any "evidence of irrational behavior, the defendant's demeanor at trial, and medical opinions concerning the defendant's competence." Mason, 52 F.3d at 1290. "[T]he presence of some degree of mental illness is not to be equated with incompetence. . . ." Hall v. United States, 410 F.2d 653, 659 (4th Cir. 1969). Instead, the legal test for competency is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402 (1960).

Our review of the record leads us to conclude that the district court did not abuse its discretion by failing to sua sponte conduct a retrospective competency hearing to determine if Corcino was competent to enter the plea. The medical evidence in the record, including that of Corcino's own expert, did not establish reasonable cause to believe that Corcino, at the time of the plea, was unable to assist her attorney or understand the consequences of the proceedings against her. Accordingly, we affirm her conviction. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED